(No. 76-CC-2240—)

ROBERT McKINNEY and ROXIE McKINNEY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 31, 1983.*

ROBERT McKINNEY and ROXIE McKINNEY, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

The Claimants, Robert McKinney and Roxie McKinney, brought this action to recover damages allegedly sustained due to actions attributed to the Respondent. A hearing was held before Commissioner Robert J. Hillebrand, who heard testimony offered by both parties.

The incident complained of occurred on September 24, 1974. The Claimants, residents of Illinois, owned and operated a trucking business with a business address in St. Louis, Missouri. Claimants allege that when they requested from the local office of the Illinois Secretary of State information as to what kind of license plates they needed for their truck, which was operating in Illinois, they were told they could use "trip permits". (See section 3—403 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 3—403).) They were arrested while using such a permit on the truck because they, as owners of the truck and business, were in fact residents of Illinois. See Ill. Rev. Stat. 1973, ch. 95½, par. 3—402B.

Claimants allege they lost income from their truck when it was impounded after the arrest, and this resulted from the failure of the Secretary of State's employees to give accurate information.

Only Claimant Roxie McKinney testified on Claimants' behalf at the hearing before the commissioner. Her testimony as to damages follows:

"Q. (Commissioner): You said here in your complaint that because of the impoundment of your trucks, you lost some money?

A. Yes. I figure.

Q. (Commissioner): What do you have to prove that?

A. I don't have anything to prove it. We just could have worked those days.

Q. (Commissioner): How do you know that?

A. It didn't rain and everybody worked everyday from that day on.

Q. (Commissioner): How many days were you down?

A. I would say roughly thirty days.

Q. (Commissioner): Thirty working days or thirty days altogether?

A. Not working days. It would be probably twenty, twenty-five working days. They were out there about a month, so I figured—

Q. (Commissioner): How long had you been working at this job?

A. I don't remember.

Q. (Commissioner): I mean before the impoundment, how long up to that time?

A. A week or two, maybe a month.

Q. (Commissioner): And how much were you earning?

A. We were making $25.00 an hour.

Q. (Commissioner): Your complaint here, or the claim you filed, says you were making $16.00 an hour.

A. No. I believe it was twenty-five.

Q. (Commissioner): Do you have anything to indicate, any document to show what you were earning?

A. No.

Q. (Commissioner): How many hours were you working?

A. Eight hours a day.

Q. (Commissioner): What were your expenses? I mean all of that is not net income to you. You had expenses?

A. Yes. Gas, oil, fix flats and pay a driver.

Q. (Commissioner): Do you have any idea how much you were earning clear a day?

A. No.

Q. (Commissioner): None at all?

A. No. At least it would be a little more or less, depending on if you had a flat or a breakdown or how much gas. Sometimes you use more gas and sometimes you use less gas, depending on how many trips you made."

Furthermore, testimony by both the Claimant and the State of Illinois indicated that the Claimant could have had the truck released the next day if the Claimant

had simply applied for a proper license plate. According to Claimant's testimony, however, Claimant waited three weeks before mailing an application for new license plates.

According to Illinois law, if there is no evidence as to the exact amount of profit and overhead and no evidence is presented to prove the specific components of the overhead and expenses, a court will not grant an award for lost profits. (*F. E. Holmes & Son Construction Co. v. Gualdoni Electrical Service, Inc.* (1982), 105 Ill. App. 3d 1135, 435 N.E.2d 724.) Therefore, since Claimants have failed to prove any damages, an essential element of their claim, it is not necessary to decide whether Respondent was negligent or guilty of any action which would allow Claimants to recover. (It is difficult to ascertain from the pleadings the theory upon which Claimants base their claim.) An award cannot be granted unless there are damages proven.

Assuming, without deciding, that Claimants have stated a theory upon which relief could be granted, this Court orders, based on the foregoing, that this claim be, and hereby is, denied.